### Roy Hittson et al. v. Burney Burrow et al.

#### Decided March 22, 1902.

**Witnes Fees—Compromise of Suit.**

The parties to a judgment may, pending an appeal therefrom, compromise the matter in dispute without the consent of the witnesses for the successful party whose fees are unpaid, and where, in such compromise, the successful party, who is solvent, agrees to pay his witnesses, but fails to do so, they are not entitled to execution for their fees against the other party.

Appeal from Palo Pinto. Tried below before Hon. W. J. Oxford.

*F. O. McKinsey* and *John H. Eaton,* for appellants.

*H. E. Bradford* and *W. H. Penix,* for appellees.

STEPHENS, Associate Justice.—In an action of trespass to try title in the District Court of Palo Pinto County Burney Burrow recovered judgment against Roy Hittson for the land involved in the suit, and against Roy Hittson and the sureties on his sequestration bond for rents and costs. From this judgment an appeal was taken, but before the time for filing the record in this court had elapsed, and without its being filed here, the suit was compromised. The terms of this compromise required Burrow to convey the land to Hittson and pay the, fees of his own witnesses. Hittson complied fully with the terms of the compromise on his part, by paying to Burrow $1000, and by pay-

ing all other costs. Burrow made the deed to the land, but failed to pay the fees of his witnesses in full, and they obtained an execution against Hittson and his sureties to collect the same and had it levied on land belonging to Hittson. This suit was consequently instituted to have the judgment in favor of Burrow decreed satisfied and canceled, and to have the execution for costs and the sale of the land levied on enjoined. This relief was denied appellants, except as to witness fees which Burrow had paid, and from that judgment this appeal is prosecuted.

The single question submitted for our determination is, whether the parties to the original judgment had the power, pending the appeal from that judgment, to compromise and settle the matter in dispute between them without the consent of the witnesses for the successful party, there being no charge of fraud, or insolvency even; and our conclusion is that they had. For a full and satisfactory discussion of the question we refer to the opinion of the Supreme Court of Missouri in the case of Hoover v. Railway, 21 Southwestern Reporter, 1076, which fully sustains the contention in support of which it is cited by counsel for appellants, there being nothing in our statutes to change the rule there laid down. See also Extence v. Stewart, 23 S. W. Rep., 295.

Upon the court's findings of fact and the above conclusion of law the judgment will, therefore, be reversed and here rendered in favor of appellant in accordance with the prayer of their petition.

*Reversed and rendered.*

Hunter, Associate Justice, did not sit in this case.